UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Gordon Benson,

Plaintiff,

vs. MINUTE ORDER

United States Department of Agriculture, acting through the Farm Service Agency, and Clayton Quade, individually and as an employee of the Farm Service Agency,

Defendants. Civ. No. 00-1878 (ADM/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 30th day of August, 2001.

* * *

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(A), upon the parties' joint Motion for an extension of the Pretrial deadlines. For these purposes, the Plaintiff appears by Kip M. Kaler, Esq., and the Defendants appear by Friedrich A.P. Siekert, Assistant United States Attorney. The Motion fails to include a date for a Hearing and, therefore, does not comply with Local Rule 7.1(a) and, therefore, the Clerk of Court is directed to strike the Motion from the Court's docket.

FILED AUG 30 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

While the parties may regard the technicalities of Local Rule 7.1(a) to be unnecessary, we strongly disagree. Here, the parties elected not to obtain a Hearing date and, when no action on their nonconforming Motion was taken, they filed additional copies of the Motion with the Court -- again, without a Hearing date. The Court should not be burdened with Motions that do not even marginally comply with our Local Rules, or which presume that the Court is powerless to deny the relief they jointly request. Moreover, if the parties elect to renew their Motion, after obtaining a Hearing date, we draw their attention to Local Rule 16.3, which details the showings required to extend a discovery schedule. Although, in form, their joint Motion suggests token adherence to Rule 16.3, the substantive content of that Motion, which was not accompanied by a Memorandum of Law, provides the Court with no cogent showing of "good cause" for any alteration in the currently existing schedule. As best as the Court can surmise, the failure of discovery to date is attributable to nothing more than the absence of due diligence on the parties' mutual part. Such a showing does not constitute good cause, under Rule 16(b), Federal Rules of Civil Procedure.

If the parties renew their Motion, we expect them to detail when written discovery was served, when responses to that discovery were received, and what efforts, recognized under the Federal Rules of Civil Procedure, were taken to compel discovery that a party

deemed warranted. If an election to avoid Court intervention was made, we expect the parties to advise why they, together or apart, were content to allow the Pretrial deadlines to expire without an affirmative act on their part. This action was commenced over one year ago, and not one deposition has been taken, no expert opinions have been disclosed, and document discovery appears to be in its infancy. If the parties are not interested in adhering, responsibly, to the Court's deadlines, they will quickly be disabused of that indifference.

NOW, THEREFORE, It is --

ORDERED:

That the Clerk of Court is directed to strike the parties' Joint Motion to Amend Pretrial Order [Docket No. 13] from the docket in this matter as being in nonconformance with Local Rules 7.1, and 16.3.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE