UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Gordon Benson,

Plaintiff,

vs. MINUTE ORDER

United States Department of Agriculture, acting through the Farm Service Agency, and Clayton Quade, individually and as an employee of the Farm Service Agency,

Defendants. Civ. No. 00-1878 (ADM/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 20th day of September, 2001.

* * *

On September 20, 2001, the Court heard argument on the parties' joint Motion to Amend the Pretrial Schedule. At the time of the Hearing, the Plaintiff appeared by Kip M. Kaler, Esq., and the Defendants appeared by Friedrich A. P. Siekert, Assistant United States Attorney. For reasons discussed at the Hearing, and briefly reiterated below, we grant the parties' Motion, in part.

Currently, the deadlines contained in our Pretrial Order, which is dated February 7, 2001, set the Plaintiff's expert report deadline at July 1, 2001, the Defendant's expert report deadline, as well as the discovery deadline at September 1, 2001, the non-

17

FILED SEP 20 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

dispositive Motion date at October 1, 2001, the dispositive Motion date at December 1, 2001, and the "Ready for Trial" date at January 1, 2002. According to the parties, the discovery which remains to be completed at this time includes the deposition of five or six individuals, including the Plaintiff, as well as any defense expert. Consequently, the parties seek to extend the Pretrial deadlines by three months.

In support of their Motion, the parties explain that they agreed, amongst themselves, in mid-June of 2001, to extend the Plaintiff's expert disclosure deadline to July 31, 2001, and the Defendant's expert disclosure deadline to October 1, 2001. They made this agreement even though they were advised, in our Pretrial Scheduling Order, that the pretrial deadlines could only be modified "upon formal Motion and a showing of good cause," and that the Court would not recognize agreements, between counsel, which modify the Court's Pretrial Schedule. Thereafter, in late July of 2001, the Plaintiff's expert discovered the existence of a voluminous set of documents, which had previously been unknown to him, and which were in the possession of the Plaintiff's accountant. Upon reviewing the documents, the Plaintiff's expert concluded that there were several inconsistencies, which were presented in those documents, and which would take a few weeks to reconcile. In addition, the parties deemed it more efficient to take any fact depositions only

after the production of the Plaintiff's expert report. As a consequence, they now seek to modify the existing deadlines.

Although we remind the parties that we will not recognize agreements which contravene the deadlines established by this Court, we find that the parties have shown good cause for a modest extension of the current deadlines, owing to the ostensibly unforeseeable complications in the preparation of the report of the Plaintiff's expert. However, the requested three-month extension is unwarranted. Considering that the Plaintiff served his expert report on September 7, 2001, we modify the Pretrial Schedule as follows: the Defendants' expert disclosures will be served **by no later than October 22, 2001**; discovery will conclude on **November 7, 2001**; all non-dispositive Motions shall be filed and the Hearing thereon completed by **December 7, 2001**; all dispositive Motions shall be filed and a Hearing thereon completed by **January 7, 2002**; and the case shall be "Ready for Trial" on **February 7, 2002**. Thus, we grant the parties' joint Motion to Amend the Pretrial Schedule, in part.

NOW, THEREFORE, It is --

ORDERED:

1. That the parties' joint Motion to Amend the Pretrial Schedule [Docket No. 15] is GRANTED, in part.

2. That the Pretrial Order is amended as detailed in the text of this Order.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE